Battle, J.
The main question presented in this case, and the only one which at present we think it proper to decide, arises npon the construction of the deed executed by Jonathan L. Carsoh and George M.-Carson to William M. Carson, on the 6th of May, 1842, in trust for his wife and children. The question is whether the trust in favor of the-children, is confined to the children of the trustee’s then wife Aimyra, or does it embrace also the children which he had by bis second wife Catharine.
We are clearly of opinion, that upon any admissible construction of tbe deed) it includes tbe children of the first wife only. The recital of the consideration on which the deed was made is the sum of one dollar, and “ the good will and affection they (the grantors) have for Aimyra T. Carson, wife of said William and the ehildren of the said William and Aimyra, namely. John, Martha M, Mary M, Matilda H, and William, and such as they may have here *27 after.” From this recital it is manifest that the purpose of the grantors to provide for* the then wife of the grantee and such children as he and she then had and might have thereafter. The expression “such as they may have hereafter,” is too plain to admit of any other'interpretation. In the clause which declares the'tmst, it is said that the grantee saall have and hole the property conveyed “ for the sole and separate use of his-wife, the said Almyra, and the childreñ as aforesaid, and such as may be bom and begotten by the said William hereafter.” It is contended for the cuildren of the second marriage, that the last words of this clause, extend the trust to any children which the grantee might have by say future wife. This would be so, if the words were to be coosidered alone, unconnected with any thing else in the deed; but that would violate a fundamental rule in xhc construction of deeds, “ that the construction^ be made upon the entire deed, and not merely upon- disjointed parts of it.” 2 Bla. Com. 379. These words “ and such as may be born and begotten by the said William hereafter,” must be considered with reference to the recital of the consideration, which evidently is the good .will and affection which the grantors had for their brother’s wife Almyra, and the children which he then had and might thereafter have by her. Why the grantors should wish to exclude the children, by any mure wife, we do not know. It ma.y have been - an inadvertent-omission, but if it were, we can not supply it
There is a subsequent clause of the deed which provides “that if the said Almyra shall depart this life before the said-William, then and in such case, her interest in said property of all kinds'is to cease and to determine.” This is also urged as a manifestation of intention, that shé and her children were not the only objects provided for by the deed. It seems clear to us that the only purpose of this clause was to prevent the husband from taking any inter *28 est in the property jure mariti. The whole deed shows that his brothers thought they could not convey the property or any part of it, to be held by. him for himself, and we have no doubt it was for the reason stated in the bill, that he was largely insolvent, and that if the property were conveyed to him without any trust declared in favor of his wife and children, it would be taken to pay his debts. It was known to the person who drew the instrument that the equitable estate which the wife was to take in the property, would, unless it were provided against, become her husband’s uppn her death ; and hence the clause in question was inserted to prevent that consequence. The making her interest in the trust progerty cease and determine upon her death, had the same effect in favor of her children, as the limitation of it over to them would have had. See Little vs. McLendon, 5 Jones Eq. 216.
In all the clauses of the deed following that which we have just noticod, it will he seen that the grantee’s wife Almyra and her children were the'oniy persons in the contemplation of the parties to the deed ; and such being the case, the hardship of excluding the children of ihe grantee by his second wife, no matter how great it may he deemed, can not induce the conrt to adopt a construction in. oppo-sitiofftfco the plain meaning of the instrument.
Having ascertained that there is no trust declared in favor of the children of the second marriage, in the deed executed to William M. Carson by his brothers, we are of opinion that he acquired no right to give to such children by deed, will, or otherwise, the property, part of the trust fund, which he convejed to his soti John on.the 6th day oí January, 1860, and-took back by another conveyance of the same date. The deed to John pm-ports tp he an advancement to him by bis father in execution of the power conferred on him as trustee : 'hut the deed of re-conveyance executed at the same time, shows that, the true pur *29 pose wab not to advance tbe son, but the children of the second marriage. The execution of the two deeds is in effect bat one transaction, and a court of equity can not allow a trustee to change the objects of nis trust by any such contrivance.
There are other questiohs presented by the pleadings, which we are unwilling to decide without the aid of an argument. One of these questions is, whether the children of Willian M. Caraen by his first wife, had during the lifetime of their father, such an interest in the trust property not advanced -to them by their father as trustee, as survived upon the deaths of some of them to their respective ad-ministra tors. A second question 'is, whether the trustee had power to devise and bequeath by his will any part of the trust property to the children of his deceased daughter Martha Burgin. .
Tiles’; questions will bo reserved for future consideration : but there may be á decree , now declaring that the defendants Catharine Oarsún and George S. Carson, children of William M. Carson by his second wife, do not take by the will of iholr father any part of the property real or personal conveyed 1o their father in trust by his brothers Jonathan L, Carson and Oeoreo M. Carson, he having acquired no power to devise and bequeath it to them by reason of the conveyances of the same to and from liis son John on the 6th of January, 1SG0. There may also ps a decree; for the sale oí the land belonging to the trust fund, not specifically given or devised by the trustee fo any cf his children. &nd the parties may have a reference for'an account of the trust fund, if they desire it. ' *